```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

       NOV 30 2018

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Southern Division

SAEID SAM KANGARLOU,

        Plaintiff,

        -vs-

ALTON AL LOCKLEAR; LUMBEE TRIBE OF NORTH CAROLINA; LUMBEE LAND DEVELOPMENT, INC.; LUMBEE TRIBE HOLDINGS, INC.

        Defendants.

**2:18-cv-02286-JAD-PAL**

## COMPLAINT FOR A CIVIL CASE
(Demand for Jury Trial)

**I.  The Parties to this action**

A. The Plaintiff:

Plaintiff, SAEID SAM KANGARLOU, is an individual residing at:

5636 Royal Castle Lane. Las Vegas, Nevada 89130.

Telephone: (702)845-7689

Email: saeid1953@hotmail.com

B. Defendants:

Defendant No.: 1

ALTON AL LOCKLEAR

Member of Tribal Counsel (Lumbee Tribe of North Carolina)

1

500 Sussex Lane, Lumberton, North Carolina 28358. Telephone: (910) 733-5673

Defendant No.: 2

    Lumbee Tribe of North Carolina

    An Indian Tribe recognized by the State of North Carolina but not the U.S. Government.

    6984 N.C. Hwy 711 West, Pembroke. North Carolina 28372.

    Telephone (910) 521-7861

Defendant No.: 3

    Lumbee Land Development, Inc.,

    6984 N.C. Hwy 711 West, Pembroke. North Carolina 28372.

    Telephone (910) 521-7861

Defendant No.: 4

    Lumbee Tribe Holdings, Inc.

    6984 N.C. Hwy 711 west, Pembroke. North Carolina 28372.

    Telephone (910) 521-7861

## II.   Basis for Jurisdiction

A. Diversity of Citizenship.

1. The Plaintiff, SAEID SAM KANGARLOU, is a citizen of the State of Nevada.

2. The Defendant, ALTON AL LOCKLEAR, is a citizen of the State of North Carolina.

3. The Defendant. Lumbee Tribe of North Carolina is an unincorporated Indian Tribe and has its principal place of business in the State of North Carolina.

4. The Defendant, Lumbee Land Development, Inc., is incorporated under the laws of the State of North Carolina and has its principal place of business in the State of North Carolina.

5. The Defendant, Lumbee Tribe Holdings, Inc. is incorporated under the laws of the State of North Carolina and has its principal place of business in the State of North Carolina.

B. Amount in Controversy

The amount in controversy is more than $75,000, not counting interests and costs of Court, for personal injuries inflicted upon Plaintiff by Defendants causing permeant vision loss to Plaintiff's right eye, spinal cord injury, loss of tooth, as well as Intentional Infliction of Emotional Distress causing mental anguish. Plaintiff has medical bills in excess of $40,000, and ongoing. Plaintiff also has disabilities as the result of this incident.

### III. Statement of Claim

A. Statement of Facts

On December 5, 2016 Plaintiff, SAEID SAM KANGARLOU, (Plaintiff) after using the spa at Mirage Hotel and Casino (Mirage) in Las Vegas, Nevada proceeded to play a game known as "bubble craps machine" (Machine) at Mirage at approximately 7:00 p.m. and continued until approximately 11:55 p.m. Plaintiff did not consume any alcoholic drinks while at the Machine or at any time on December 5, 2016.

The Defendant, ALTON AL LOCKLEAR, (Locklear), was in Las Vegas, Nevada attending the 2016 National American Indian Housing Counsel's (NAIHC) annual legal symposium held at the Mirage December 5-7, 2016. Locklear was representing the Lumbee Tribe of North Carolina ( Tribe), not recognized by the U.S. Federal Government, as an appointed official for the North Caronia Housing Authority. The Tribe operates under several corporate entities including the named Defendants in this case; LUMBEE LAND DEVELOPMENT, INC. (LLD) and LUMBEE TRIBE HOLDINGS, INC. (LTH). The president and agent of service for these corporations as well as the Tribe is Harvey Godwin, Jr..

On December 5, 2016, Locklear joined the game at the Machine at approximately 11:00 pm. Locklear came to the Machine with a drink in hand and ordered several alcoholic drinks while playing the game. Locklear kept losing money and inserted more $100 bills into the Machine. He was frustrated and furious for losing. He started to use profanity language. At one point Plaintiff made a comment to Locklear that there were ladies present and he should be

3

respectful. Locklear continued his cursing and made derogatory remarks towards Plaintiff. Once a lady seated next to Plaintiff left the Machine, Locklear got aggressive and blamed Plaintiff for his losses. Locklear now was threatening Plaintiff to cause him physical injuries. Plaintiff felt threatened and while standing was looking for security or a slot supervisor to inform them of the situation. However, before locating a casino staff, Locklear walked over and without warning socked Plaintiff on the right side of his face close to his temple. Plaintiff lost control and was pushed to the floor hitting his right knee to some object. Locklear mounted Plaintiff's back and kept punching Plaintiff in the head repeatedly with intent to kill Plaintiff. At no time did Locklear intend to stop as Mirage patrons told him "stop, that is enough". At one point someone stopped Locklear.

Plaintiff suffered injuries to his face, head, hands, knee, back, tooth, ribs, stomach and chest. Locklear kept threatening Plaintiff and was taken away by the Mirage security. Plaintiff was taken to Mirage security office, where his injuries were photographed, ice packs applied to his face and paramedics were summoned. Plaintiff informed security that his vision was blurry. Once paramedics arrived, Plaintiff was transported to Sunrise Hospital Emergency Room, (ER), where he was met by 2 officers from Las Vegas Metropolitan Police Department. (Metro) and interviewed. Officers stated to Plaintiff that a play-by-play narrative of the surveillance video at the Mirage relayed by Mirage Security corroborated Plaintiff's version of events and whereby, they would proceed to have Locklear arrested for battery. Locklear was arrested and charged for battery and consequently pleaded guilty as charged and paid a fine.

At the ER, Plaintiff was examined by a physician, had Cat-Scan and X-rays taken of his back, face, hands and head. Plaintiff complained to the ER staff and the physician that his vision was blurry and could not see much in the right eye. Plaintiff was referred to Dr. Shah at Abrams Eye Institute for further evaluation. Plaintiff has seen several eye specialists in hope of repairing his lost vision and is currently under the care of Dr. Kenneth Houchin, a neuro-ophthalmologist. Plaintiff is continuing with physical therapy for his back and spine. He is under the care of Dr.

4

Stuart Kaplan, a neuro-surgeon, for a possible surgery and treatment for his back and spine injuries. Plaintiff has medical bills in excess of $40,000 and ongoing.

In June 2017, the Tribe, through their head of security, Timothy Oxendine, and an assistant to their president Harvey Godwin, Jr. made contacts with Plaintiff, by telephone and email seeking information to remove Locklear from office and stated that they would help with Plaintiff's medicals bills. Plaintiff learned that they were just phishing for information and were acting in bad-faith. The Tribe had paid all expenses for Locklear's trip to Las Vegas as their HUD official. Locklear has had a history of violence, aggression, false representation and intoxication as reported by newspapers and citizens of Roberson County, North Carolina.

**B. Causes of Action**

1. Assault and Battery

Defendant, Locklear, committed Assault and Battery upon Plaintiff by first making threats followed by attacking Plaintiff, intentionally, negligently, and voluntarily causing severe physical and mental injuries. Locklear was arrested and has pled "guilty as charged". The wrongful acts committed by Locklear were a substantial factor and proximate cause of Plaintiff's injuries including his loss of vision.

2. Intentional Infliction of Emotional Distress

Defendant, Locklear, acted with "extreme and outrageous conduct with the intention and reckless disregard, causing emotional distress to plaintiff. Locklear's behavior was outside all possible bounds of decency and utterly intolerable in a civilized community. The Defendant's conduct is the proximate cause of plaintiff's emotional distress Plaintiff has suffered extreme emotional distress; including but not limited to depression, disturbances of sleep, mood swings, weight gain, loss of self-esteem. Plaintiff has been seeking treatment and continuing such treatments with a therapist.

///

///

5

3. Negligence

Prior to December 5, 2016, Defendants; Tribe, LLD, and LTH failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances by not designating and sponsoring Defendant Locklear to represent them in Las Vegas. They should have been aware and on notice of Locklear's behavior as well as instability to be a leader as well as a problem drinker. On or about December 5, 2016 Defendant Locklear performed acts that a person of ordinary prudence would have not done under the same circumstances by making threats and attacking Plaintiff without cause. Locklear was negligent as he did not take into consideration the harm he could cause to a 63 years old man and possible death. These Defendants were negligent. They owed a duty under State and Federal Statutes not to cause harm to another citizen. The Defendant, Locklear, breached such duty by inflicting battery upon Plaintiff and continued the beating with disregard for Plaintiff's life. The Tribe and its corporate branches also breached such duty by allowing Locklear to travel to Las Vegas as an instable person with a drinking problem. The negligence committed by the Defendants was the proximate cause of Plaintiff's injuries and he has suffered irreparable damages. Damages include but not limited to loss of vision, spine and back injuries, pain and suffering, loss of tooth, distress, and loss of past and future earnings.

## IV. Relief

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory damages for Plaintiff's medical bills, physical pain and suffering, loss of vision, emotional pain and suffering, lost and future earnings in the amount of $250,000.

2. For punitive damages in the amount of $300,000 for unlawful acts committed by Defendants towards an elderly.

3. For interest including pre-and post- judgement interest, reasonable attorney fees, and costs of suit.

6

4. For such other and further relief as the Court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Dated: November 28, 2018

Respectfully Submitted,

SAEID SAM KANGARLOU
Plaintiff in Pro Se
5636 Royal Castle Ln.
Las Vegas, NV 89130
(702)845-7689
Saeid1953@hotmail.com