**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Saied Sam Kangarlou, | Case No. 2:18-cv-02286-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Alton Al Locklear, et al., | |
| Defendants. | |

Before the Court is plaintiff Saied Sam Kangarlou's motion for service of process and to extend the time for service. ECF No. 25. Kangarlou proceeds in form pauperis ("IFP") and he is therefore entitled to the Court's aid in issuing and serving all process. Further, Kangarlou has established good cause for his request to extend the time for service. Accordingly, his motion will be granted.

**I.     Background.**

Kangarlou initiated this matter with an application for leave to proceed in forma pauperis and an accompanying complaint. ECF No. 1. Kangarlou asserts claims stemming from personal injuries he suffered while playing a slot machine at The Mirage Hotel and Casino. *Id.* He brought his claims against defendants Alton Al Locklear, Lumbee Land Development ("Lumbee Land"), and Lumbee Tribe Holdings ("Lumbee Tribe"). ECF No. 20 at 1.

This Court granted IFP status to Kangarlou and ordered that service be complete by October 12, 2020. ECF Nos. 8 & 22. Kangarlou filed the underlying motion on September 8, 2020.

…

…

…

…

…

## II. Discussion.

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[1] Here, Kangarlou proceeds IFP and the Court has already found that he has viable claims against Locklear, Lumbee Land, and Lumbee Tribe. *See* ECF No. 20 at 7–8. Accordingly, Kangarlou is entitled to the Court's aid in issuing and serving all process and the Court will grant his motion.

Further, regarding Kangarlou's motion to extend the deadline for service: Rule 4(m) provides a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

Here, the Court finds that Kangarlou has established good cause at the first step, so the Court need not proceed to the second step. Kangarlou represents that on July 22, 2020, he contacted the Clerk of Court to effect service. ECF No. 25 at 2. That same day, due to a miscommunication with the Clerk of Court, Kangarlou dropped off the defendants' summonses to the courthouse, in hopes that the U.S. Marshal would serve them upon defendants. *Id.* at 3. However, after Kangarlou made several calls to the Clerk of Court, he was informed that for the U.S. Marshals Service to effect service, Kangarlou was required to file a motion. *Id.* at 2. The Court notes that Kangarlou reached out to the Clerk of Court less than one week after the Court informed him that he was responsible for timely service. *See* ECF No. 22.

The Court finds that Kangarlou's efforts evince diligence. This Court—and the Ninth Circuit— equate diligence with good cause. Therefore, Kangarlou has met his burden for an extension of the time to serve defendants. However, the deadline for service has not expired, *see*

---

[1] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

ECF No. 22, and Kangarlou did not indicate how long of an extension he requires. In its discretion, the Court finds that an extension of 15 days is reasonable, which means that the deadline for service is extended to October 27, 2020.

### III. Conclusion.

IT IS THEREFORE ORDERED that Kangarlou's motion for service and to extend time (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that the deadline to effect service is extended to October 27, 2020.

IT IS FURTHER ORDERED that the Clerk of Court send Kangarlou three blank copies of form USM-285.

IT IS FURTHER ORDERED that Kangarlou shall have twenty days in which to furnish the U.S. Marshals Service with the required USM-285 forms.[2]

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the summonses at ECF No. 23, and the operative complaint (ECF No. 21) on the U.S. Marshals Service.

IT IS FURTHER ORDERED that upon receipt of the USM-285 forms from plaintiff, the U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on defendants Alton Al Locklear, Lumbee Land Development, Inc., and Lumbee Tribe Holdings, Inc.

DATED: September 15, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] The U.S. Marshals Service is located at 333 South Las Vegas Boulevard, Suite 2058, Las Vegas, Nevada 89101.