G. MARK ALBRIGHT, ESQ. (001394)
JORGE L. ALVAREZ, ESQ. (014466)
DANIEL R. ORMSBY, ESQ. (014595)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111 / F: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com
*Attorneys for Defendant Alton Locklear*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SAEID SAM KANGARLOU,<br><br>Plaintiff,<br><br>vs.<br><br>ALTON AL LOCKLEAR, LUMBEE LAND DEVELOPMENT, INC.; LUMBEE TRIBE HOLDINGS, INC.,<br><br>Defendants. | CASE NO.:   2:18-cv-02286-JAD-BNW<br><br>**DEFENDANTS' JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER OR IN THE ALTERNATIVE, FURTHER STAY OF DISCOVERY**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Defendant ALTON AL LOCKLEAR ("Locklear") and Defendants LUMBEE LAND DEVELOPMENT, INC. and LUMBEE TRIBE HOLDINGS, INC. (hereinafter "Lumbee") (Locklear and Lumbee are collectively hereinafter referred to as "Defendants"), by and through their respective counsel, hereby submit to the Court the following Joint Discovery Plan and [Proposed] Scheduling Order ("DPSO") pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

Plaintiff SAID SAM KANGARLOU ("Plaintiff"), who is appearing in proper person, has not contacted the Defendants to participate in a Rule 26(f) Conference as required under LR 26-1. In addition, Plaintiff no longer returns telephone calls or emails from Defendant Locklear's counsel regarding this matter.

Defendants respectfully request that discovery herein be stayed for an additional sixty (60) days pending a decision on Defendants Lumbee Land Development, Inc.'s and Lumbee Land Tribe Holdings, Inc.'s Motion to Dismiss currently pending before the Court. In the alternative, if this

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

Court is not inclined to further stay discovery in this matter, Defendants request further instruction from the Court on how to proceed.

Defendants have also included the foregoing DPSO for the Court's review and approval, in the event both the above requests are denied.

Defendant Lumbee Land Development Inc. and Lumbee Tribe Holdings, Inc. do not intend to waive any right, consent to jurisdiction, or in any way waive any arguments provided in their current Motion to Dismiss/Motion for Summary Judgment by participating in this Joint Discovery and [Proposed] Scheduling Order.

**I. Procedural History**

Plaintiff submitted and filed a Complaint on November 30, 2018, in the United States District Court, District of Nevada against Defendants Locklear, Lumbee Tribe of North Carolina, Lumbee Land Development, Inc., and Lumbee Tribe Holdings, Inc., along with an application to proceed in forma pauperis (ECF No. 1-2). Approximately one (1) year later on November 13, 2019, the Court evaluated Plaintiff's Complaint and application to proceed in forma pauperis and permitted Plaintiff to proceed in forma pauperis, but dismissed Plaintiff's Complaint because there was not complete diversity between the parties.

Thereafter, on December 12, 2019, Plaintiff filed a First Amended Complaint, addressing the diversity issue and also removing Defendant Lumbee Tribe of North Carolina [ECF No. 21]. Defendant Locklear was served with a copy of the Summons and the First Amended Complaint on September 18, 2020 and filed his Answer to the First Amended Complaint on October 6, 2020 [ECF No. 31]. The Lumbee Defendants were served with a copy of the Summons and First Amended Complaint on September 23, 2020 and filed a Motion to Dismiss Plaintiff's Complaint on October 13, 2020 [ECF No. 32]. Plaintiff filed an Opposition to Lumbee's Motion to Dismiss Plaintiff's Complaint on October 27, 2020 [ECF No. 35]. The Lumbee Defendants filed a Reply in Support of Motion to Dismiss Plaintiff's Complaint on November 3, 2020 [ECF No. 36].

Thereafter, on or about November 18, 2020, the Plaintiff, in proper person, and Defendant Locklear, by and through his counsel, held a FRCP 26(f) meeting to discuss discovery and case deadlines in preparation of filing a Discovery Plan and Scheduling Order herein. At the FRCP 26(f) meeting, the Plaintiff and Defendant Locklear agreed to a stay of discovery for 90 days, or until

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

February 18, 2021, to wait until the Motion to Dismiss has been reviewed and decided upon by the Court prior to setting discovery deadlines and incurring the time and expense of drafting and filing a Discovery Plan and Scheduling Order and serving written discovery in the event the Court dismisses the action, thereby relieving the parties and the Court of further cost and expense. The Plaintiff and Defendant Locklear further stipulated to delay submission of the stipulated discovery plan and scheduling order until ten (10) days following the decision on the Motion to Dismiss if said Motion is denied (ECF No. 38).

The Court approved the stipulation and filed a Minute Order on December 4, 2020, granting the joint motion to stay discovery (ECF No. 38), stating that discovery in this matter is stayed until February 18, 2021, while the Court considers the pending motion to dismiss, that the deadline for submission of a stipulated discovery plan and scheduling order is extended up to and including 10 days following a decision on the motion to dismiss (or 10 days following 2/18/2021) to the extent this matter is not dismissed with prejudice, and that the discovery stay shall lapse on February 18, 2021 regardless of whether the district judge has resolved the motion to dismiss.

Based thereon, the discovery plan and scheduling order herein is due by March 1, 2021, which is ten (10) days after the lapse of the stay.

## II. **Fed. R. Civ. P. 26 Meeting**

As of this date, Plaintiff has not contacted Defendants to participate in a Rule 26(f) Conference regarding a discovery plan and schedule for this matter as required under LR 26-1. Recently, Plaintiff has refused to return telephone calls or emails from Defendant Locklear's counsel regarding this matter.

Defendants respectfully request that discovery be stayed an additional sixty (60) days pending a decision on Defendants Lumbee Land Development, Inc.'s and Lumbee Land Tribe Holdings, Inc.'s Motion to Dismiss currently pending before the Court. In the alternative, if this Court is not inclined to further stay discovery in this matter, Defendants request further instruction from the Court on how to proceed.

In the event this Court denies both the above requests, Defendants submit the foregoing discovery plan and [proposed] scheduling order pursuant to this Court's Minute Order.

/ / /

### III. <u>Initial Disclosures</u>

The Defendants will exchange their respective Initial Disclosures by March 15, 2020, which is fourteen (14) days from the date the Defendants participated in the Rule 26(f) Conference, unless the Lumbee Defendants' Motion to Dismiss is granted prior thereto.

### IV. <u>The Subjects On Which Discovery Will Be Conducted</u>

The Defendants are in agreement that discovery will be needed on the Plaintiff's claims and causes of action, his damages, including any economic, compensatory and emotional distress damages, as well as the Defendants' defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

### V. <u>Issues Related To The Disclosure Or Discovery Of Electronically Stored Information</u>

The Defendants hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. At this time, the Defendants believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the Defendants agree that the ESI can be produced as a readable image (e.g., .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the Defendants agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

Accordingly, the Defendants agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.

By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

### VI. <u>Discovery Disputes</u>

The Defendants agree to forego the optional requirement of a court conference under Fed. R. Civ. P. 16(b)(3)(v).

### VII. <u>Limits On Discovery</u>

At this time, except as explicitly stated herein, the Defendants agree that discovery will be conducted with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court without limitation or modification of the same.

### VIII. <u>Alternative Dispute Resolution</u>

The Defendants hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes. The Defendants anticipate that, if the Motion to Dismiss is denied, they would be willing to participate in an Early Neutral Evaluation.

### IX. <u>Alternative Forms Of Case Disposition</u>

The Defendants hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. At this time, the Defendants do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

### X. <u>Discovery Plan</u>

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The Defendants propose to the Court the following cut-off dates:

a. <u>Discovery Cut-off Date</u>: The discovery cut-off deadline shall be Tuesday, August 17, 2021, which is 180 days after end of the stay of discovery which ended on February 18, 2020.

b. <u>Amending the Pleadings and Adding Parties</u>: The deadline to amend pleadings or add parties shall be Wednesday, May 19, 2021, ninety (90) days prior to the discovery cut-off date, in accordance with LR 26-1(b)(2).

c. <u>Expert Disclosures</u>: The expert disclosure deadline shall be Friday, June 18, 2021, sixty (60) days prior to the discovery cut-off date, in accordance with LR 26-1(b)(3). Rebuttal expert

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

disclosures shall be made by Monday, July 19, 2021, thirty (30) days after the initial disclosure of experts deadline, in accordance with LR 26-1(b)(3). The parties shall have until the discovery cut-off date to take the depositions of the experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(b)(3).

d. <u>Interim Status Report</u>: In accordance with LR 26-3, the parties shall file the Interim Status Report by Friday, June 18, 2020, sixty (60) days prior to the discovery cut-off date.

e. <u>Dispositive Motions</u>: Dispositive motions shall be filed by Thursday, September 16, 2021, thirty (30) days after the discovery cut-off date, in accordance with LR 26-1(b)(4).

f. <u>Motions in Limine</u>: Pursuant to LR 16-3(b), and unless the District Judge issues an Order with a different deadline or briefing schedule, any motions in limine shall be filed and served thirty (30) days prior to trial unless the District Judge issues an order with a different deadline or briefing schedule. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will only be allowed with leave of court.

g. <u>Pretrial Order</u>: The Pretrial Order shall be filed not later than Monday, October 18, 2021, thirty (30) days after the deadline for filing dispositive motions, in accordance with LR 26-1(b)(5). In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

h. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>: The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

i. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>: In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-4.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 1st day of March, 2021. | DATED this 1st day of March, 2021. |
| **ALBRIGHT, STODDARD, WARNICK & ALBRIGHT** | **RESNICK & LOUIS, P.C.** |
| */s/ Daniel R. Ormsby, Esq.* | */s/ Paul A. Acker, Esq.* |
| G. MARK ALBRIGHT, ESQ. | PAUL A. ACKER, ESQ. |
| Nevada Bar No. 001394 | Nevada Bar No. 3670 |
| JORGE L. ALVAREZ, ESQ. | THOMAS MARONEY, ESQ. |
| Nevada Bar No. 014466 | Nevada Bar No. 13913 |
| DANIEL R. ORMSBY, ESQ. | packer@rlattorneys.com |
| Nevada Bar No. 014595 | tmaroney@rlattorneys.com |
| 801 South Rancho Drive, Suite D-4 | 8925 West Russell Road, Suite 220 |
| Las Vegas, Nevada 89106 | Las Vegas, NV 89148 |
| T: (702) 384-7111 / F: (702) 384-0605 | T: (702) 997-3800 / F: (702) 997-3800 |
| gma@albrightstoddard.com | *Attorneys for Defendants,* |
| jalvarez@albrightstoddard.com | *Lumbee Land Development, Inc., & Lumbee* |
| *Attorneys for Defendant Alton Locklear* | *Tribe Holdings, Inc.* |

## <u>ORDER</u>

IT IS ORDERED that on the basis of good cause discovery in this matter is STAYED up to and including May 4, 2021.

Additionally, given counsel's representation that plaintiff has refused to participate in the required Rule 26(f) conference and in the drafting of the parties' proposed discovery plan and scheduling order, IT IS FURTHER ORDERED that by March 25, 2021, plaintiff must file a notice with the Court stating whether he intends to continue prosecuting this case. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed for failure to prosecute and for failure to follow this Court's orders.

**IT IS SO ORDERED**

**DATED:** 2:01 pm, March 05, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106