# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Saeid Sam Kangarlou, | Case No. 2:18-cv-02286-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 87 and 89** |
| Alton Al Locklear, *et al*., | |
| Defendants. | |

Before the Court are two motions: (1) A joint motion to reopen discovery and to stay the case filed by Defendants Alton Al Locklear; Lumbee Land Development, Inc.; and Lumbee Tribe Holdings, Inc. on August 25, 2022 (ECF No. 87), and (2) an emergency motion to stay the case filed by Plaintiff Saeid Sam Kangarlou on August 26, 2022 (ECF No. 89).

Defendants seek to stay this case until early December,[1] at which point they request that discovery be reopened for a period of 60 days. ECF No. 87 at 3, 5. Plaintiff simply moves for a stay until November 9, 2022. ECF No. 89 at 1.

Given that the parties seek the same relief, the Court does not need responsive briefs from any party.

## I. Staying the Case

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to grant a stay, the Ninth Circuit weighs "the competing interests which will be affected[.]" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These factors include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward";

---

[1] Defendants propose three dates for the lifting of the stay and reopening of discovery: December 2, 2023 (ECF No. 87 at 3); December 5, 2022 (ECF No. 87 at 5, 9); and December 5, 2023 (ECF No. 87 at 11). The Court understands the proposed 2023 dates to be typographical errors.

1   and (3) "the orderly course of justice measured in terms of the simplifying or complicating of

2   issues, proof, and questions of law which could be expected to result from a stay." *Id.*

3         The Court finds that the three competing interests weigh in favor of granting a stay. *Id.* at

4   1110.

5         First, there is no allegation or evidence to support that damage may result from a stay. In

6   fact, the parties all agree that a stay should issue in this action.[2] ECF No. 87 at 5, ECF No. 89 at

7   1.

8         Second, absent a stay, Plaintiff would clearly face hardship. He has been cleared to

9   undergo surgery to remove a brain tumor and is simply pending the surgery date from Mountain

10   View Hospital. ECF No. 89 at 2; *see also* ECF No. 87 at 5. Considering these circumstances,

11   Plaintiff would be significantly prejudiced and burdened by having to litigate a case while

12   recovering from brain tumor surgery.

13         Finally, a stay would promote an orderly course of justice because it would allow

14   Plaintiff, who is representing himself in this case, time to undergo and recover from surgery.

15         Accordingly, the Court will stay this case until December 5, 2022.

16   **II.   Reopening Discovery**

17         The Court denied Defendants' joint motion to enforce settlement. ECF No. 88. As a result,

18   the parties may have additional discovery to complete, as evidenced by Defendants' request to

19   reopen discovery for 60 days.[3] ECF No. 87 at 5. But the Court finds that reaching this issue now

20   would be improper, namely because of Plaintiff's current health and impending surgery. As a

21   result, it will order the parties to file a joint (amended) Discovery Plan and Scheduling Order once

22   the stay is lifted. This will allow the parties to have a more meaningful conferral regarding

23   reopening discovery and any proposed new deadlines.

24   //

25   //

26

27   [2] It appears that the parties could not stipulate to this stay because Defendant Locklear would only stipulate subject to Plaintiff "first execut[ing] an approved Medicaid Lien application form . . . ." ECF No. 89 at 3, 24.

28   [3] While Plaintiff seems to suggest that additional discovery may be needed (ECF No. 89 at 3, 17), he expressly argues that discovery should not be reopened. ECF No. 89 at 5.

**III.   Conclusion**

      **IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Reopen Discovery and to Stay Case (ECF No. 87) be GRANTED IN PART and DENIED IN PART consistent with this Order.

      **IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for a Stay (ECF No. 89) be GRANTED IN PART and DENIED IN PART consistent with this Order.

      **IT IS FURTHER ORDERED** that the case is stayed until December 5, 2022.

      **IT IS FURTHER ORDERED** that the parties are to file one amended Discovery Plan and Scheduling Order by December 19, 2022. Each party is entitled to include its position on each point that is in dispute. Should any party believe a continued stay is necessary, such request for relief is to be filed by December 5, 2022.

      DATED: September 6, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE