PAUL A. ACKER, ESQ.
Nevada Bar No. 3670
THOMAS W. MARONEY, ESQ.
Nevada Bar No. 13913
8925 West Russell Road, Suite 220
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile (702) 997-3800
packer@rlattonrys.com
tmaroney@rlattorneys.com
*Attorneys for Defendants,*
*Lumbee Land Development, Inc., &*
*Lumbee Tribe Holdings, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SAEID SAM KANGARLOU, | CASE NO.: 2:18-CV-02286-JAD-BNW |
| Plaintiffs, | **JOINT MOTION TO EXTEND CASE STAY** |
| v. | |
| ALTON AL LOCKLEAR; LUMBEE LAND DEVELOPMENT, INC.; LUMBEE TRIBE HOLDINGS, INC. | [SECOND REQUESTED STAY] |
| Defendants. | |

PLAINTIFF, SAIED KANGARLOU, Defendant, ALTON "AL" LOCKLEAR ("Locklear") and Defendants, LUMBEE LAND DEVELOPMENT, INC. and LUMBEE TRIBE HOLDINGS, INC., by and through their respective counsel, hereby jointly move this Court to extend the current discovery stay in this matter. The Parties have stipulated to extend the stay as detailed in this Motion.

Pursuant to LR IA 6-1(b), the Parties aver that this is the second such discovery stay requested in this matter.

///

///

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This matter involves claims of personal injury by Saeid Sam Kangarlou (hereinafter "Plaintiff") from an alleged battery at The Mirage Hotel & Casino on or about December 5, 2016. Plaintiff alleges that Alton Locklear attacked him while they were playing at an automated craps machine. Plaintiff alleges he sustained a variety of injuries which required significant treatment.

On March 5, 2021, this Court entered a Scheduling Order setting a discovery deadline for August 17, 2021. On September 10, 2022, this Court entered an Order extending the discovery deadlines with discovery closing on February 14, 2022. Since that time, the Parties have been diligently conducting discovery.

On February 4, 2022, Defendants filed a Joint Motion to Enforce Settlement Agreement. As a result of the pending settlement, the Parties did not complete discovery. On August 11, 2022, the Court issued a Report and Recommendations denying the Motion to Enforce.

Following this ruling, Plaintiff and Defendants both filed Motions requesting that this Court stay this matter as Plaintiff was scheduled to undergo brain surgery. [ECF Nos. 87 and 89]. The Court granted the stay and ordered the Parties to follow-up on or before December 5, 2022 to advise whether a second stay would be necessary given Plaintiff's health. As such, the Parties file the instant motion to inform the Court that Plaintiff is still recovering from his health issues and the stay in this matter should be extended until January 5, 2023.

### II.
### STATEMENT OF FACTS

1. On or about December 5, 2016, Plaintiff was a guest at The Mirage Hotel and Casino in Las Vegas, Nevada. *See* Plaintiff's Amended Complaint [ECF No. 12]. At approximately 7:00 p.m., Plaintiff sat down at an automated craps machine located on the

casino floor and began playing. *Id.* Plaintiff continued to play the craps machine with many other guests for several hours. *Id.*

2. The Amended Complaint alleges that at approximately 11:00 p.m., Alton Locklear, allegedly sat down and began playing craps at the same automated craps machine where Plaintiff was playing for several hours. *Id.* While playing craps, Mr. Locklear allegedly consumed multiple alcoholic beverages and became inebriated. *Id.* After allegedly losing hundreds of dollars gambling, Mr. Locklear became aggressive with Plaintiff. *Id.* Mr. Locklear allegedly blamed Plaintiff for his gambling losses. *Id.* at 4. Then, without warning, Mr. Locklear allegedly punched Plaintiff in the face and knocked him to the ground. *Id.* Mr. Locklear then allegedly jumped onto Plaintiff's back and continued striking Plaintiff in the head until another patron stopped Mr. Locklear. *Id.*

3. Due to the alleged attack, Plaintiff alleges he sustained injuries "to his face, head, hands, knee, back, tooth, ribs, stomach, and chest." *Id.* Plaintiff also had complaints of blurred vision. *Id.* Based upon these alleged injuries, emergency medical services transported Plaintiff to Sunrise Hospital where he underwent treatment. *Id.* After doctors released him from the hospital, Plaintiff continued to undergo treatment and met with several specialists due to his alleged injuries. *Id.*

4. At the time of the alleged attack Mr. Locklear was allegedly representing the Lumbee Tribe of North Carolina at the 2016 National American Indian Housing Counsel's annual symposium at The Mirage. *Id.* at 3. Additionally, Mr. Locklear was also allegedly representing Lumbee Land Development, Inc. *Id.* Finally, Lumbee Tribe Holdings, Inc. allegedly sponsored Mr. Locklear's trip. *Id.* On or about December 22, 2021, Plaintiff contacted Defendant's counsel indicating that wanted to pursue settlement in this case.

5. On March 5, 2021, this Court entered a Scheduling Order setting a discovery deadline for August 17, 2021. [ECF No. 46]. The Court further stayed discovery in this matter until May 4, 2021, due to Plaintiffs refusal to participate in the Rule 26(f) Conference and

3

1 ordered Plaintiff to file a notice with the Court stating whether he intends to continue
2 prosecuting his claims. *Id.* at 7.
3       6.     On September 10, 2022, this Court entered an Order extending the discovery
4 deadlines with discovery closing on February 14, 2022. [ECF No. 81].
5       7.     On February 4, 2022, Defendants filed a Joint Motion to Enforce Settlement
6 Agreement ("Motion To Enforce"). [ECF No. 83]. On August 11, 2022, the Court issued a
7 Report and Recommendations denying the Motion to Enforce. [ECF No. 86].
8       8.     On August 25, 2022 the Parties filed Motions to Stay this matter as Plaintiff was
9 scheduled to undergo brain surgery. [ECF No. 87 and 89]
10      9.     On September 6, 2022, this Court granted the Parties stay and informed the
11 Parties that if additional time was necessary for Plaintiff to recuperate that the Parties should
12 submit a request by no later than December 5, 2022. [ECF No. 90]
13     10.    On October 6, 2022, Plaintiff underwent surgery for removal of a pituitary brain
14 tumor and a deviated septum. (*See*, correspondence from Plaintiff to Defendants dated
15 December 1, 2022, a true and correct copy is attached hereto as Exhibit "1").
16     11.    On December 5, 2022, because of additional health issues, Plaintiff requested
17 that Defendants agree to stay this matter for an additional thirty (30) days. (*Id.*).

### III.

### **MOTION TO EXTEND STAY**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to grant a stay, the Ninth Circuit weighs "the competing interests which will be affected[.]" *Id*. (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These factors include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay." Id.

Damage would not result from this stay. This Court previously granted the stay for this matter as Plaintiff was scheduled to undergo brain surgery. Plaintiff in fact underwent two surgeries on October 6, 2022 and has since been recovering. Following these surgeries, in early December 2022, the Parties stipulated to stay this matter to permit Plaintiff additional time to recover. As such, no Parties would be damaged by continuing the stay.

Plaintiff would face hardship if the stay were not extended. Plaintiff is still recovering from his October 2022 surgeries. Additionally, Plaintiff is also under observation for another health issue and was advised that he may need surgery. Thus, Plaintiff will experience hardship if the Court denies the requested stay and is forced to litigate this matter through his health issues. This forced participation would also certainly prejudice Plaintiff and his abilities to prosecute his claims.

The stay would promote an orderly course of justice. As I am sure this Court is aware, Plaintiff is representing himself in this matter. To promote justice, Plaintiff needs to be healthy and capable of participating in litigation. By granting the requested stay, this Court would be promoting justice by providing Plaintiff with ample time to heal so that he may effectively represent himself.

///
///
///
///
///
///
///
///
///

5

## IV.

## CONCLUSION

Based upon the foregoing points and authorities, the Parties respectfully request that the Court stay discovery for an additional thirty (30) days until January 5, 2023.

**IT IS SO STIPULATED.**

DATED this 5th day of December, 2022.          DATED this 5th day of December, 2022.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**          **RESNICK & LOUIS, P.C.**

/s/ *Daniel R. Ormsby, Esq.*          /s/ *Thomas W. Maroney, Esq.*

_____          _____

G. MARK ALBRIGHT, ESQ.          PAUL A. ACKER, ESQ.
Nevada Bar No. 001394          Nevada Bar No. 3670
JORGE L. ALVAREZ, ESQ.          THOMAS MARONEY, ESQ.
Nevada Bar No. 014466          Nevada Bar No. 13913
DANIEL R. ORMSBY, ESQ.          packer@rlattorneys.com
Nevada Bar No. 014595          tmaroney@rlattorneys.com
801 South Rancho Drive, Suite D-4          8925 West Russell Road, Suite 220
Las Vegas, Nevada 89106          Las Vegas, NV 89148
T: (702) 384-7111 / F: (702) 384-0605          T: (702) 997-3800 / F: (702) 997-3800
gma@albrightstoddard.com          *Attorneys for Defendants,*
jalvarez@albrightstoddard.com          *Lumbee Land Development, Inc., & Lumbee*
dormsby@albrightstoddard.com          *Tribe Holdings, Inc.*
*Attorneys for Defendant,*
*Alton Locklear*

/s/ *Saied Kangarlou*

_____
PLAINTIFF, SAIED KANGARLOU

## ORDER

IT IS ORDERD that ECF No. 91 is GRANTED. Discovery is stayed until January 5, 2023. Should any party believe a continued stay is necessary, such request for relief is to be filed by January 5, 2023.

IT IS FURTHER ORDERED that the parties are to file one amended Discovery Plan and Scheduling Order by January 13, 2023. Each party is entitled to include its position on each point that is in dispute.

IT IS SO ORDERED
DATED: 4:03 pm, December 06, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE