UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAEID SAM KANGARLOU,<br><br>    Plaintiff(s),<br><br>v.<br><br>ALTON AL LOCKLEAR, et al.,<br><br>    Defendant(s). | Case No. 2:18-cv-02286-JAD-NJK<br><br>**Order**<br><br>[Docket No. 110] |

Pending before the Court is Defendants' motion for an order that Plaintiff must appear for deposition. Docket No. 110. Plaintiff filed a response, indicating that he does not object to appearing for a deposition in the future. Docket No. 111 at 8; *see also id.* at 19.[1]

Accordingly, Plaintiff is **ORDERED** to appear for deposition by September 27, 2023. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS**. *E.g.*, Fed. R. Civ. P. 37(b). The parties must immediately confer on a date, time, and place for the deposition. The deposition must be taken in person.[2]

Defendants' motion is **DENIED** as moot.

IT IS SO ORDERED.

Dated: August 25, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Given Plaintiff's agreement to be deposed moving forward, the Court need not resolve the other issues raised by Plaintiff.

[2] Remote depositions are permitted when the parties stipulate or the Court so orders. Fed. R. Civ. P. 30(b)(4). Plaintiff has not agreed to a remote deposition and Defendants have not provided the showing necessary for an order requiring one. Even were Defendants to try to make such a showing in reply, moreover, the Court would not entertain that argument. *See Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).